# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12020

_____

GREAT LAKES INSURANCE SE,

                Plaintiff-Counter Defendant-Appellant,

*versus*

BRYAN CRABTREE,
BETHEA CRABTREE,

                Defendants-Counter Claimants-Appellees,

M&T BANK,

                Defendant.

_____

| | | |
|---|---|---|
| 2 | Order of the Court | 23-12020 |

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81544-RKA

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

BY THE COURT:

Upon our review of the record and the parties' responses to the jurisdictional question, this appeal is DISMISSED IN PART for lack of jurisdiction.

The district court has not entered a final judgment resolving all claims against all parties because it has not resolved all of Appellees' counterclaims. However, the district court's May 18, 2023 order entering summary judgment for Appellees on Appellant's claims is appealable under 28 U.S.C. § 1292(a)(3). The district court disposed of Appellant's admiralty claims and thus resolved the rights and liabilities of the parties as to those claims. *See* 28 U.S.C. § 1292(a)(3); *Minott v. M/Y Brunello*, 891 F.3d 1277, 1281 (11th Cir. 2018); *Beluga Holding, Ltd. v. Com. Cap. Corp.*, 212 F.3d 1199, 1203 (11th Cir. 2000). This appeal may therefore proceed as to that order.

On the other hand, as the parties agree, the district court's February 1, 2022, September 20, 2022, and July 18, 2023 orders are not reviewable under § 1292(a)(3) because they did not dispose of any admiralty claims or completely determine Appellant's liability

23-12020              Order of the Court                        3

vis à vis Appellees. *See Beluga Holding*, 212 F.3d at 1203. Accordingly, this appeal is DISMISSED as to those orders.