# THE GOLDMAN MARITIME LAW GROUP
## ATTORNEYS & COUNSELORS AT LAW

STEVEN E. GOLDMAN, ESQ. *
MICHAEL I. GOLDMAN, ESQ. α
JACQUELINE JURIST-SCHOEN, ESQ. Ω
JONATHAN R. GOLDMAN, ESQ. Σ Ω ℧
_____
* ADMITTED IN FLORIDA AND NEW YORK
α ADMITTED IN MASSACHUSETTS AND NEW YORK
Ω ADMITTED IN FLORIDA
Σ ADMITTED IN MASSACHUSETTS
℧ ADMITTED IN MARYLAND

401 EAST LAS OLAS BLVD.
SUITE 1400
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE (954) 332-2448
CELLULAR (617) 817-1887
EMAIL JACQUIE@GOLDMANMARITIME.COM

4 BELLOWS RD., SUITE F
WESTBORO MASSACHUSETTS 01581
TELEPHONE (617) 566-4200
CELLULAR (617) 817-1887
FACSIMILE (617) 566-4292

December 1, 2025

VIA CM/ECF

US Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

ATTN:    David J. Smith
           Clerk of Court

RE:    **Citation of Supplemental Authorities per F.R.A.P. 28(j)**
          *Great Lakes Insurance SE v. Bryan Crabtree, et al.,*
          Docket No. 23-12020 (11th Cir.)

Dear Mr. Smith:

On May 7, 2025, Judge K. Michael Moore considered the exact same issue which is presently before this Court and concluded that, where one dismissal is by agreement of the parties, the "application of Rule 41(a)(1)(B) is not proper." *In re FTX Cryptocurrency Exch. Collapse Litig.*, 781 F. Supp. 3d 1324, 1359 (S.D. Fla. 2025).

Presented with the same issue (dismissal of the first action by agreement between the parties), Judge Moore first recognized that there was an absence of binding precedent from this Court. *Id*. Second, Judge Moore noted the decision in *Great Lakes Ins. SE v. Crabtree*, 673 F. Supp. 3d 1301 (S.D. Fla. 2023) – the very decision which is on appeal in this matter. Next, Judge Moore noted contrary, persuasive authority from the Second and Ninth Circuits holding that strict application of Rule 41(a)(1)(B) was not proper when one of the dismissals was done with the agreement of the other party. *Id*. (citing *TCW Special Credits v. Fishing Vessel CHLOE Z*, 238 F.3d 431 (9th Cir. 2000), and *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976)).

In light of these considerations, Judge Moore cut straight to the heart of the matter when he noted the Supreme Court's guidance, "[t]he basic purpose of the Federal Rules is to ***administer justice through fair trials***, not through summary dismissals as necessary as they may be on occasion." *Id.* (emphasis added) (quoting *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373). Therefore, although aware of the *Crabtree* decision, the *FTX* case implicitly rejected the *Crabtree* decision's application of Rule 41(a)(1)(B) because to do so "would be to close the courthouse door to an otherwise proper litigant." *FTX*, at 1359.

It is respectfully put forth that to deny Great Lakes a fair chance to try its claims on the merits "would be to close the courthouse door to an otherwise proper litigant" and deny a fair trial to Great Lakes. *FTX,* at 1359.

Very truly yours,

THE GOLDMAN MARITIME LAW GROUP

*/s/ Jacqueline Jurist-Schoen*
BY: JACQUELINE JURIST-SCHOEN, ESQ.

**Certificate of Compliance**

This letter complies with F.R.A.P 28(j) because the body of the letter contains only 332 words.